UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEVON SHADE,

       Plaintiff,

                                                        Case No. 24-cv-10622

v.                                               Honorable Linda V. Parker

THE CITY OF HARPER WOODS,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

On March 11, 2024, Plaintiff filed a Complaint against Defendant City of Harper Woods (ECF No. 1), along with an application to proceed in forma pauperis ("IFP") (ECF No. 2).  Plaintiff's Complaint failed to set forth facts to assert a plausible claim against Harper Woods—as opposed to individual Harper Woods police officer(s).  Plaintiff also submitted the incorrect form to proceed IFP.  Therefore, on March 13, this Court ordered Plaintiff to file an amended complaint and the appropriate IFP application.  (*See* ECF No. 4.)  Plaintiff filed an Amended Complaint and the IFP application on March 18.  (ECF Nos. 6, 7.)  While Plaintiff demonstrates his entitlement to proceed IFP, his Amended Complaint still does not assert a plausible claim against Harper Woods.

As this Court previously explained, a municipality, like Harper Woods, is not liable for the constitutional violations of its officers or employees simply

because they are employees.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  To attribute a constitutional violation to a municipality, "a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality."  *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)).  A plaintiff must include facts in the complaint that render it plausible that the municipality's "policy" or "custom" was the moving force behind the alleged constitutional violation.  In other words, Plaintiff must point to an official policy, custom, or practice of Harper Woods and allege facts showing a plausible connection between the policy and his alleged injury.  Plaintiff fails to do so.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** and this action is **CLOSED**.[1]

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 29, 2024

---

[1] Because the dismissal is without prejudice, Plaintiff is not prohibited from filing *a new action* against Harper Woods.  The pro se clinic in this District may be of assistance in determining whether a plausible claim against the municipality is available and, if so, preparing a proper complaint.  Information regarding the clinic is available at under the "Representing Yourself" section on the court's website: *http://www.mied.uscourts.gov*.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 29, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager